In the Matter of the Claim of MATILDA CHAMBERS, Respondent, against UNIVERSAL ADVERTISING CORP., Appellant, and STATE INSURANCE FUND. STATE INDUSTRIAL BOARD, Respondent.— Appeal from an award of the State Industrial Board in a death claim. The only question is one of causal relation between the accident and the death. The deceased was a painter, and fell from a scaffold November 4, 1935, resulting in a fracture of the pelvis and other bones, and a multiplicity of other injuries. After three months in the hospital, gangrenous appendicitis developed. He was operated on on February 7, 1936, and died a week later. About a week after the operation the incision ruptured, and a part of the intestines exuded. The medical evidence establishes that the appendicitis was not a result of the accident; that the deceased would have recovered from the accident were it not for the appendicitis, and the appendicitis would not have been fatal except for the condition resulting from the accident; that, viewing decedent's pathological experience comprehensively, the accident was a contributing and an indirect cause of death. We regard the finding of the Board as justified by the evidence. Award unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. J., Rhodes, McNamee, Bliss and Heffernan, JJ.

In the Matter of the Claim of WILLIAM THOMPSON, Incompetent, Respondent, against MASON, AU & MAGENHEIMER, Appellant, and STATE INSURANCE FUND. STATE INDUSTRIAL BOARD, Respondent.— Appeal from an award of disability compensation under the Workmen's Compensation Law. Claimant received a serious injury to his leg. Some three or four weeks subsequent to this injury symptoms of mental illness developed, and he was later committed to an institution for the insane. The State Industrial Board has found that the injuries to his leg and their resultant effects precipitated an acute confusional psychosis, which necessitated claimant's removal and confinement in the State hospital for the insane. There is no proper evidence in the record to sustain this finding. There does appear in the record, however, an unverified medical report made by a physician, who was not sworn as a witness, which would have sustained this finding if made under oath. Upon a rehearing this statement may be properly sworn to, thus sustaining an award. Award reversed and claim remitted, with costs to the appellant against the State Industrial Board. Hill, P. J., Rhodes, McNamee, Bliss and Heffernan, JJ., concur.

In the Matter of the Claim of RALPH FOSTER, Respondent, against FITZPATRICK & WELLER and UTICA MUTUAL INSURANCE COMPANY, Appellants. STATE INDUSTRIAL BOARD, Respondent.— Claimant was injured while skidding logs on a lumber job operated by appellant, who had contracted with claimant's immediate employer. The award against the appellant was proper under the third paragraph of section 56 of the Workmen's Compensation Law. Award unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. J., Rhodes, McNamee, Bliss and Heffernan, JJ.